PACIFIC TRIAL ATTORNEYS
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
4100 Newport Place Drive, Ste. 800
Newport Beach, CA  92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES REIDER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>IMMACULATE BAKING CO., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 8:18-cv-1085<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUCTIVE RELIEF**<br><br>**JURY TRIAL DEMAND** |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INTRODUCTION**

1.      The average consumer spends a mere 13 seconds making an in-store purchasing decision, or between 10 to 19 seconds for an online purchase.[1]   That decision is heavily dependent on a product's packaging, and particularly the package dimensions: "Most of our studies show that 75 to 80 percent of consumers don't even bother to look at any label information, no less the net weight . . . . Faced with a large box and a smaller box, both with the same amount of product inside . . . consumers are apt to choose the larger box because they think it's a better value."[2]   This lawsuit charges Defendant with unlawfully and unfairly packaging its Cake Scratch Mix products in opaque containers that contain more than 50% empty space.   Most consumers purchased the products without knowing that the containers were substantially empty.

2.      James Reider ("Plaintiff"), individually and on behalf of all others similarly situated, brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the unlawful actions of Immaculate Baking Co. ("Defendant") with respect to the packaging of its Cake Scratch Mix products.   Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

3.      Plaintiff purchased Defendant's Yellow Cake Scratch Mix product in September 2017 in Fountain Valley, California.   He purchased the product for the dual purpose of enjoying its contents and determining whether the container was lawfully

---

[1] http://www.nielsen.com/us/en/insights/news/2015/make-the-most-of-yourbrands-20-second-window.html (citing the Ehrenberg-Bass Institute of Marketing Science's report "Shopping Takes Only Seconds…In-Store and Online").

[2] http://www.consumerreports.org/cro/magazinearchive/2010/january/shopping/product-packaging/overview/product-packaging-ov.htm (quoting Brian Wansink, professor and director of the Cornell Food and Brand Lab, who studies shopping behavior of consumers).

CLASS ACTION COMPLAINT

filled.  Plaintiff was surprised when he opened the product that the container had **more than 50% empty space**, or slack-fill.

4.    Defendant's conduct violates consumer protection and labeling laws.

## JURISDICTION AND VENUE

5.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, because this is a class action, as defined by 28 U.S.C § 1332(d)(l)(B), in which a member of the putative class is a citizen of a different state than Defendant, and the amount in controversy exceeds the sum or value of $5,000,000, excluding interest and costs. See 28 U.S.C. § 1332(d)(2).

6.    The Court has jurisdiction over the state law claims because they form part of the same case or controversy under Article III of the United States Constitution.

7.    The Court has personal jurisdiction over Defendant because its Cake Scratch Mix products are advertised, marketed, distributed and sold through the State of California; Defendant engaged in the wrongdoing alleged in this Complaint throughout the United States, including in the State of California; Defendant is authorized to do business in the State of California; and Defendant has sufficient minimum contacts with the State of California, rendering the exercise of jurisdiction by the Court permissible under traditional notions of fair play and substantial justice.  Moreover, Defendant is engaged in substantial activity with the State of California.

8.    Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred within this judicial district, Defendant has marketed and sold the Cake Scratch Mix products at issue in this action in this judicial district, and it conducts business within this judicial district.

## PARTIES

9.    Plaintiff James Reider is a citizen of the State of California and resides in Fountain Valley, California.  Plaintiff purchased Defendant's Yellow Cake Mix product for personal consumption during the last four years in Fountain Valley, California.

CLASS ACTION COMPLAINT

10.     Plaintiff is informed and believes, and upon such information and belief alleges, that Defendant Immaculate Baking Co. is a corporation with its principal place of business located in Minneapolis, Minnesota.[3]  Plaintiff is informed and believes, and upon such information and belief alleges, that Defendant, at all times relevant, conducted business in the State of California and within the Central District of California.

11.     The true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend this Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

12.     At all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and/or scope of said agency and/or employment with the full knowledge and consent of each of the Defendants.  Each of the acts and/or omissions complained of herein were alleged and made known to, and ratified by, each of the other Defendants (Immaculate Baking Co. and DOE Defendants will hereafter collectively be referred to as "Defendant").

## FACTUAL ALLEGATIONS

### California Law Prohibits Non-functional Slack-Fill

13.     Many federal and state consumer protection and labeling laws prohibit deceptive packaging and labeling of products and commodities.  In California, the Fair Packaging and Labeling Act ("CFPLA") "is designed to protect purchasers of any commodity within its provisions against deception or misrepresentation. Packages and their labels should enable consumers to obtain accurate information as to the quantity of

---

[3] Plaintiff understands that Defendant is now a unit of General Mills, but still operates as a separate entity.

the contents and should facilitate value comparisons." (California Business & Professions Code § 12601.)

14.    In this context, the CFPLA provides: "No food containers shall be made, formed, or filled as to be misleading." (California Business & Professions Code § 12606.2(b).) "A container that does not allow the consumer to fully view its contents shall be considered to be filled as to be misleading if it contains nonfunctional slack fill." (California Business & Professions Code § 12606.2(c).) Section 12606.2(c) defines "slack fill" as "the difference between the actual capacity of a container and the volume of product contained therein." Similarly, section 12606.2(c) defines "nonfunctional slack fill" as "the empty space in a package that is filled to substantially less than its capacity for reasons other than any one or more of the following:

(1) Protection of the contents of the package.

(2) The requirements of machines used for enclosing the contents of the package.

(3) Unavoidable product settling during shipping and handling.

(4) The need for the package to perform a specific function, such as where packaging plays a role in the preparation or consumption of a food, if that function is inherent to the nature of the food and is clearly communicated to consumers.

(5) The fact that the product consists of a food packaged in a reusable container where the container is part of the presentation of the food and has value that is both significant in proportion to the value of the product and independent of its function to hold the food, such as a gift product consisting of a food or foods combined with a container that is intended for further use after the food is consumed or durable commemorative or promotional packages.

(6) Inability to increase the level of fill or to further reduce the size of the package, such as where some minimum package size is necessary to accommodate required food labeling exclusive of any vignettes or other nonmandatory designs or label information, discourage pilfering, facilitate handling, or accommodate tamper-resistant devices." (California Business & Professions Code § 12606.2(c)(1)-(6).)

15.    None of the above safe-harbor provisions applies to the Cake Scratch Mix products.    Defendant  intentionally  incorporated  non-functional  slack-fill  in  its packaging of the Cake Scratch Mix products.  As such, the packaging is per se illegal, and reliance upon the packaging by absent class members is presumed.

**Defendant's Products Contain Non Functional Slack-Fill**

16.    Defendant's Cake Scratch Mix products are, and at all relevant times were, sold  in  non-transparent  containers.  The  containers  have  significant  slack-fill,  as described below.

17.    More than 50% of the interior of the Cake Scratch Mix product containers, which  concern  the  Yellow  Cake  Scratch  Mix  product  purchased  by  Plaintiff,  is comprised of empty space, or non-functional slack fill.



CLASS ACTION COMPLAINT




18.    The containers (1) do not allow consumers to fully view its contents; and (2) contains nonfunctional slack fill.  As such, the packaging is per se illegal.

19.    Defendant is selling and will continue to sell the Cake Scratch Mix products using these illegal slack-filled containers.

20.    Defendant's packaging and advertising of the Cake Scratch Mix products violate the CFPLA, as set forth above.

21.    Class Members did not know, and had no reason to know, that the Cake Scratch Mix products illegally contained non-functional slack-fill.

22.    Defendant's product packaging is presumed to be a material factor in absent Class Members' decisions to purchase the Cake Scratch Mix products. Based on Defendant's illegal packaging, there is a presumption that product packaging, reasonable Class Members expected to receive more Cake Scratch Mix product than was actually being sold.

///

CLASS ACTION COMPLAINT

23.     There is no practical reason for the non-functional slack-fill used to package the Cake Scratch Mix products.

24.     As a result of Defendant's illegal packaging, thousands of consumers purchased the Products and have been damaged by Defendant's illegal conduct.

## CLASS ACTION ALLEGATIONS

25.     Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of herself and the following class (collectively, the "Class" or "Classes"), defined as:

> **All California residents who made retail purchases of Defendant's Cake Scratch Mix products with non-functional slack-fill, as defined by California Business & Professions Code § 12606.2, during the applicable limitations period up to and including final judgment in this action.**

26.     The proposed Class excludes current and former officers and directors of Defendant, Members of the immediate families of the officers and directors of Defendant, Defendant's legal representatives, heirs, successors, assigns, and any entity in which it has or has had a controlling interest, and the judicial officer to whom this lawsuit is assigned.

27.     Plaintiff reserves the right to revise the Class definition based on facts learned in the course of litigating this matter.

28.     The Cake Scratch Mix products sold by Defendant suffer from illegal product bottling, labeling and nonfunctional slack-fill.

29.     <u>Numerosity</u>: This action has been brought and may properly be maintained as a class action against Defendant under Rules 23(b)(1)(B) and 23(b)(3) of the Federal Rules of Civil Procedure. While the exact number and identities of other Class Members are unknown to Plaintiff at this time, Plaintiff is informed and believes that there are hundreds of thousands of Members in the Class. Based on sales of the Cake Scratch Mix products it is estimated that the Class is composed of more than 10,000 persons. Furthermore, even if subclasses need to be created for these consumers, it is

estimated that each subclass would have thousands of Members. The Members of the Class are so numerous that joinder of all Members is impracticable and the disposition of their claims in a class action rather than in individual actions will benefit the parties and the courts.

30.    Typicality: Plaintiff's claims are typical of the claims of the Members of the Class as all Members of the Class are similarly affected by Defendant's wrongful conduct, as detailed herein.

31.    Adequacy: Plaintiff will fairly and adequately protect the interests of the Members of the Class in that he has no interests antagonistic to those of the other Members of the Class. Plaintiff has retained experienced and competent counsel.

32.    Superiority: A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the damages sustained by individual Class Members may be relatively small, the expense and burden of individual litigation makes it impracticable for the Members of the Class to individually seek redress for the wrongful conduct alleged herein. Furthermore, the adjudication of this controversy through a class action will avoid the potentially inconsistent and conflicting adjudications of the claims asserted herein. There will be no difficulty in the management of this action as a class action. If Class treatment of these claims were not available, Defendant would likely unfairly receive thousands of dollars or more in improper revenue.

33.    Common Questions Predominate: Common questions of law and fact exist as to all Members of the Class and predominate over any questions solely affecting individual Members of the Class. Among the common questions of law and fact applicable to the Class are:

      i.    Whether Defendant labeled, packaged, marketed, advertised and/or sold Cake Scratch Mix products using illegal packaging and labeling;

      ii.    Whether Defendant's actions constitute violations of the CFPLA, California Business & Professions Code § 12606.2;

iii.    Whether Defendant omitted and/or represented that its Cake Scratch Mix products have quantities that they do not have;

iv.    Whether Defendant's labeling, packaging, marketing, advertising and/or selling of Cake Scratch Mix products constituted an unfair or unlawful practice;

v.    Whether Defendant's packaging of the Cake Scratch Mix products constituted nonfunctional slack-fill;

vi.    Whether, and to what extent, injunctive relief should be imposed on Defendant to prevent such conduct in the future;

vii.    Whether the Members of the Class have sustained damages as a result of Defendant's wrongful conduct;

viii.    The appropriate measure of damages and/or other relief; and

ix.    Whether Defendant should be enjoined from continuing its unlawful practices.

34.    The class is readily definable, and prosecution of this action as a Class action will reduce the possibility of repetitious litigation. Plaintiff knows of no difficulty which will be encountered in the management of this litigation which would preclude his maintenance of this matter as a Class action.

35.    The prerequisites to maintaining a class action for injunctive relief or equitable relief pursuant to Rule 23(b)(2) are met, as Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive or equitable relief with respect to the Class as a whole.

36.    The prerequisites to maintaining a class action for injunctive relief or equitable relief pursuant to Rule 23(b)(3) are met, as questions of law or fact common to the Class predominate over any questions affecting only individual Members; and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

///

CLASS ACTION COMPLAINT

37.    The prosecution of separate actions by Members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. Additionally, individual actions may be dispositive of the interest of all Members of the Class, although certain Class Members are not parties to such actions.

38.    Defendant's conduct is generally applicable to the Class as a whole and Plaintiff seeks, inter alia, equitable remedies with respect to the Class as a whole. As such, Defendant's systematic policies and practices make declaratory relief with respect to the Class as a whole appropriate.

## CAUSE OF ACTION

## VIOLATION OF CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT, Cal. Civ. Code § 1750, *et seq.*

39.    Plaintiff realleges and incorporates herein by reference the allegations contained in all preceding paragraphs, and further alleges as follows:

40.    Plaintiff brings this claim individually and on behalf of the Class for Defendant's violations of California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code 1761(d).

41.    Plaintiff and the Class Members are consumers who purchased the Cake Scratch Mix products for personal, family or household purposes. Plaintiff and the Class Members are "consumers" as that term is defined by the CLRA in Cal. Civ. Code § 1761(d).

42.    The Cake Scratch Mix products that Plaintiff and other Class Members purchased from Defendant were "goods" within the meaning of Cal. Civ. Code § 1761(a).

43.    Defendant's actions, representations, and conduct have violated, and continue to violate the CLRA, because they extend to transactions that intended to result, or which have resulted in, the sale of goods to consumers.

44.    Defendant violated California law because the Cake Scratch Mix products are packaged in containers made, formed or filled to contain non-functional slack-fill.

45.     California's Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(5), prohibits "Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have." By engaging in the conduct set forth herein, Defendant violated and continues to violate Section 1770(a)(5) of the CLRA, because Defendant's conduct constitutes illegal and unlawful competition.

46.     Cal. Civ. Code § 1770(a)(9) further prohibits "[a]dvertising goods or services with intent not to sell them as advertised." By engaging in the conduct set forth herein, Defendant violated and continues to violate Section 1770(a)(9), because Defendant's conduct constitutes illegal and unfair methods of competition.

47.     Given the materiality of Defendant's misrepresentations, absent Class Members are entitled to a presumption of reliance.

48.     Plaintiff and the Class suffered injuries caused by Defendant because the Cake Scratch Mix product did not have the qualities as promised and were unlawfully packaged.

49.     On or about September 6, 2017, prior to filing this action, Plaintiff sent a CLRA notice letter to Defendant which complies with California Civil Code 1782(a). Plaintiff sent Immaculate Baking Co., individually and on behalf of the proposed Class, a letter via Certified Mail, advising Defendant that it is in violation of the CLRA and demanding that it cease and desist from such violations and make full restitution by refunding the monies received therefrom. A true and correct copy of the letter is attached hereto as Exhibit 1.

50.     Wherefore, Plaintiff seeks injunctive relief for these violations of the CLRA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief and judgment against Defendant as follows:

CLASS ACTION COMPLAINT

1   (A) For an Order certifying the Class pursuant to Federal Rule of Civil
2   Procedure 23, appointing Plaintiff as class representatives, and designating
3   Plaintiff's counsel as counsel for the Class;

4   (B) For an Order declaring that Defendant's conduct violated the CLRA,
5   Cal. Civ. Code § 1750, *et seq.*;

6   (C) For injunctive relief as pleaded or as the Court may deem proper;

7   (D) For an order of restitution and all other forms of equitable monetary
8   relief, as pleaded;

9   (E) For compensatory damages in amounts to be determined by the Court
10   and/or jury;

11   (F) For punitive damages;

12   (G) For prejudgment interest on all amounts awarded;

13   (H) For an Order awarding Plaintiff and the Class their reasonable
14   attorneys' fees and expenses and costs of suit as pleaded pursuant to, *inter alia*,
15   Cal. Civ. Code § 1780(e) and Cal. Civ. Proc. Code § 1021.5; and

16   (I) For such other and further relief as the Court deems just and proper.

Date: June 19, 2018                    Respectfully submitted,

PACIFIC TRIAL ATTORNEYS
A Professional Corporation


By: */s/Scott J. Ferrell*
    Scott J. Ferrell
    Attorneys for Plaintiff

## DEMAND FOR TRIAL BY JURY

Plaintiff, individually and on behalf of all others similarly situated, hereby demands a jury trial on all claims so triable.

Date: June 19, 2018

Respectfully submitted,

PACIFIC TRIAL ATTORNEYS
A Professional Corporation

By: */s/Scott J. Ferrell*
Scott J. Ferrell
Attorneys for Plaintiff